IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIUS L. JACKSON, | : | BIVENS |
| Reg. No. 05408-028, | : | 28 U.S.C. § 1331 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| D. DREW, et al., | : | CIVIL ACTION NO. |
|     Defendants. | : | 1:14-CV-2296-WSD-GGB |

## FINAL REPORT AND RECOMMENDATION

Plaintiff, Julius L. Jackson, confined in the United States Penitentiary in Atlanta, Georgia, has submitted a "criminal complaint," and the Clerk has docketed this matter as a civil rights action. [Doc. 1].[1] Plaintiff seeks the criminal prosecution of Defendants, Warden D. Drew and Officer A. Ujima, for conspiracy to violate Plaintiff's First Amendment rights. [*Id.* at 1-4]. Specifically, Plaintiff alleges that Defendants deprived him of access to paper, binders, and a working photocopier to prepare an appellate brief, from June 3 through June 20, 2014. [*Id.* at 2-3].

---

[1] Because Plaintiff is a federal prisoner and Defendants are federal officials, the Clerk is **DIRECTED** to update the cause of action on the docket sheet to reflect that this matter is brought under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

AO 72A
(Rev.8/82)

"It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." *Ellen v. Stamm*, 951 F.2d 359 (9th Cir. 1991) (unpublished table decision). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The lack of such an interest, known as standing, deprives the Court of subject matter jurisdiction over the case and warrants dismissal without prejudice. *See McGee v. Solicitor Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013) (per curiam). Therefore, the present case should be dismissed without prejudice for lack of standing. *Id.*

I note that Plaintiff recently filed four "criminal complaints" in another federal court, which dismissed them. *See* Order, *Jackson v. Lackey*, No. 7:14-cv-15-ART (E.D. Ky. Apr. 9, 2014) (listing Plaintiff's four "criminal complaints"). The court explained that Plaintiff had objected to consideration of his "criminal complaints" as civil rights actions. *Id.* In the present case, there is no indication that Plaintiff wants his "criminal complaint" to be considered as a civil rights action. Plaintiff has not (1) paid the $350.00 filing fee and $50.00 administrative fee for such an action, or (2) sought leave to proceed *in forma pauperis*. Furthermore, Plaintiff's litigation experience includes at least one previous civil

rights action. *See Jackson v. Casterline*, No. 1:04-cv-1514-DDD (W.D. La. filed July 20, 2004). Should Plaintiff intend to file a civil rights action, he may commence a new case at any time.

Based on the foregoing, I **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of standing.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 28th day of July, 2014.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

rights action. *See Jackson v. Casterline*, No. 1:04-cv-1514-DDD (W.D. La. filed July 20, 2004). Should Plaintiff intend to file a civil rights action, he may commence a new case at any time.

Based on the foregoing, I **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of standing.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 28th day of July, 2014.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE