IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIUS L. JACKSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>D. DREW, WARDEN, et al.,<br><br>　　　　Defendants. | 1:14-cv-2296-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R"), recommending that this action be dismissed without prejudice for lack of standing.

I.     **BACKGROUND**

On July 17, 2014, Plaintiff Julius L. Jackson ("Plaintiff") filed a "criminal complaint" against Defendants Warden D. Drew, and Officer A. Ujima. Plaintiff is an inmate at the United States Penitentiary in Atlanta, Georgia ("Penitentiary"). Plaintiff claims that the Defendants conspired to violate his First Amendment rights under the United States Constitution, and deprived him of his right of access to the federal courts by restricting his access to papers, binders, and a photo copy machine to prepare an appellate brief. Plaintiff seeks to initiate a federal criminal

prosecution against the Defendants for allegedly violating his constitutional rights.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.   Analysis

Because Plaintiff has not objected to the Magistrate Judge's finding that his "criminal complaint" be dismissed for lack of standing, the Court reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay 714 F.2d at 1095.  The Magistrate Judge recommended that Plaintiff's "criminal complaint" be dismissed without prejudice because Plaintiff does not

have standing to initiate a criminal prosecution against Defendants. A private citizen has no cognizable interest in the prosecution or non-prosecution of another person. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). "The Government, not private citizens, prosecute crimes." Williams v. University of Alabama Hosp. at Birmingham, 353 F. App'x 397, 398 (11th Cir. 2009) (affirming the dismissal of a criminal complaint for lack of standing to bring criminal charges). Because Plaintiff lacks standing to bring criminal charges against the Defendants, the Court finds no plain error in the R&R, and this action is dismissed without prejudice. Id.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final R&R is **ADOPTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 17th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE